COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


MOHAMMED J. ABDLAZEZ, SOMETIMES KNOWN AS
  MOHAMMED J. ABDULAZEZ

                                                              MEMORANDUM OPINION[*]
v.       Record No. 2560-11-4                                      PER CURIAM
                                                                 APRIL 24, 2012
EILEEN M. McLANE, FAIRFAX COUNTY
  ZONING ADMINISTRATOR


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                               Jane Marum Roush, Judge

                 (Jerry M. Phillips; Phillips, Beckwith, Hall & Chase, on brief), for
                 appellant.

                 (David P. Bobzien, County Attorney; R. Scott Wynn, Deputy
                 County Attorney; Elizabeth D. Teare, Senior Assistant County
                 Attorney, on brief), for appellee.


        Mohammed J. Abdlazez appeals the judgment of the trial court finding him in civil

contempt of court.  Appellant contends the trial court erred by determining the proceeding was a

civil, rather than a criminal, contempt trial, thus applying the wrong burden of proof.  Upon

reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

        A decree *pro confesso* was entered against appellant July 17, 2005, finding he was in

violation of a zoning ordinance by maintaining unregistered vehicles on his property, thereby

constituting a storage yard.  On December 8, 2006, the trial court entered a decree finding appellant

was in violation of the July 2005 default judgment, and ordered appellant to remove all unlicensed

vehicles from the property.  The decree stated, *inter alia*, that if appellant failed to comply with the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

July 2005 order or the immediate decree, he "shall pay $250.00 per day to the County of Fairfax . . . for every day he . . . is found to be in violation." Upon another show cause proceeding, on July 25, 2008, appellant entered into an agreed order to pay "the sum of five hundred dollars ($500) per day for every additional day hereafter that the Court finds him to be in violation of the" 2005, 2006, and the 2008 orders. It is upon this 2008 order that appellant was brought before the trial court on another rule to show cause why he should not again be held in contempt.

From the outset of the proceeding, the trial court advised appellant he was being tried for civil contempt, not criminal contempt. The trial court's order finding appellant in contempt noted appellant maintained unregistered, unlicensed vehicles on his property in violation of the default judgment, the decree, and the agreed order, on seven separate days and ordered payment to the County in the amount of $3,500, as required by the agreed order of July 25, 2008. Additionally, the trial court directed that appellant shall pay $1,000 per day for any future violations of the ordinance. The County asked the trial court to impose a jail sentence until the unregistered cars were moved to a proper storage facility; the trial court denied the County's request.

"Contempt proceedings prosecuted to preserve the power and vindicate the dignity of the court are criminal and punitive; those prosecuted to preserve and enforce the rights of private parties are civil, remedial, and coercive." United Steelworkers v. Newport News Shipbuilding & Dry Dock Co., 220 Va. 547, 549, 260 S.E.2d 222, 224 (1979) (citation omitted).

> It is not the fact of punishment but rather its character and purpose that often serve to distinguish between the two classes of cases. If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court. It is true that punishment by imprisonment may be remedial, as well as punitive, and many civil contempt proceedings have resulted not only in the imposition of a fine, payable to the complainant, but also in committing the defendant to prison. But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in

> such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order.

Id. at 550, 260 S.E.2d at 224 (citation omitted). "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. Like civil imprisonment, such fines exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged." Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994). "Moreover, a civil contempt proceeding is between the original parties to litigation and is instituted and tried as a part of the main cause; a criminal contempt proceeding is between the public and the defendant, and is not a part of the original cause." United Steelworkers, 220 Va. at 550, 260 S.E.2d at 225 (citation omitted).

Here, the proceedings involved the same parties as the original litigation; two civil parties, not the Commonwealth. The per diem fines were payable to the County, and judgment was entered for the zoning administrator. The proscribed action was identified in the court orders, and the contempt proceedings were an effort to coerce appellant into compliance. Even when the County requested imprisonment, it was of the sort that could be avoided or ended by appellant's compliance. Appellant had consented to the fine schedule in the July 2008 agreed order, and the per diem fines were a matter that appellant could control by purging the contempt. The contumacy was over seven days and the order was not a complex injunction. All the facts here indicate the contempt proceeding was remedial and coercive, and thus civil, not criminal, in nature. Therefore, the trial court did not err by refusing to apply the protections and burden of proof of a criminal trial.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.